Filed 5/1/15  Gillespie v. Hoffman CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MELODY GILLESPIE et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> NICKLAS HOFFMAN et al., <br><br> Defendants and Respondents. | F068677 <br><br> (Super. Ct. No. 249049) <br><br><br> **OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from an order of the Superior Court of Tulare County.  Lloyd L. Hicks, Judge.

Courtney Gillespie and Melody Gillespie, in pro. per., for Plaintiffs and Appellants.

No appearance for Defendants and Respondents.

-ooOoo-

Courtney Gillespie and Melody Gillespie appeal from the order dismissing their complaint for failure to amend following the sustaining of the demurrer filed by

---

[*]      Before Levy, Acting P.J., Gomes, J. and Smith, J.

respondents.  Appellants argue the trial court erred in dismissing the complaint because they were not served with notice of the order and therefore the time in which to amend the complaint never began to run.  Appellants further contend the demurrer should not have been sustained.

Because the appeal is from the order of dismissal for failure to amend, the merits of the demurrer are not before us.  However, appellants were not given notice of the order sustaining the demurrer as required by Code of Civil Procedure[1] section 1019.5.  Therefore, the dismissal will be reversed and the trial court directed to grant appellants 45 days in which to amend the complaint.

## BACKGROUND

Appellants and respondents have been involved in various actions stemming primarily from a real property dispute.  In the underlying complaint, appellants sought to quiet title to the property at issue.  Appellants additionally claimed they were entitled to damages based on a number of allegations including breach of contract, intentional infliction of emotional distress, racketeering, fraud, forgery, embezzlement and copyright infringement.

Respondents demurred to the complaint.  Following a hearing in January 2013, the trial court sustained the demurrer and granted appellants 45 days in which to amend their complaint.

In September 2013, respondents moved to dismiss the action on the ground that appellants had not filed an amended complaint.  At the hearing on this motion, the court noted that there was no proof of service demonstrating that appellants had been served with the minute order sustaining respondents' demurrer.  Based on this lack of service, the court concluded that the 45 days granted to appellants to amend the complaint had not commenced.  Respondents' counsel replied that appellants were present in court and the

---

[1]     All further statutory references are to the Code of Civil Procedure.

parties entered a stipulation for the 45 days on the record.  Appellants denied that this occurred.  The court found that the stipulation had been entered and dismissed the action under section 581, subdivision (f)(2).

## DISCUSSION

Section 1019.5, subdivision (a), provides:

> "When a motion is granted or denied, unless the court otherwise orders, notice of the court's decision or order shall be given by the prevailing party to all other parties or their attorneys, in the manner provided in this chapter, unless notice is waived by all parties in open court and *is entered in the minutes*."  (Italics added.)

Here, the minute order states "Plaintiffs shall file any amended complaint within forty-five (45) days of service of this order."  Thus, even assuming appellants waived notice, such waiver was not entered in the minutes.  Rather, the record reflects that appellants were to be served with notice of the order.  Because the court found that appellants had not been served, the action should not have been dismissed.

## DISPOSITION

The judgment dismissing the action is reversed.  The trial court is directed to grant appellants 45 days in which to file an amended complaint.  No costs are awarded.

3.